Daniel C. LESLIN, Relator,

v.

**COUNTY OF HENNEPIN and Commissioner of Economic Security, Respondents,**

and

Audley B. DEMBLEY, Relator,

v.

**UNIVERSITY OF MINNESOTA and Commissioner of Economic Security, Respondents.**

Nos. C7–83–737, C3–83–850.

Supreme Court of Minnesota.

April 20, 1984.

Richard J. Fuller, Legal Aid Soc., Inc., Minneapolis, for relators.

Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent Commissioner of Economic Sec.

Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent Hennepin County Park Reserve Dist.

William P. Donohue, Minneapolis, for respondent University of Minnesota.

SCOTT, Justice.

Two cases have been consolidated for disposition on this appeal. In each case, the Commissioner of the Department of Economic Security denied the employee unemployment compensation benefits on the ground that he was discharged for misconduct due to a chemical dependency problem and had not made reasonable efforts to retain his employment. We affirm both cases.

Both employees had chemical dependency problems which adversely affected their job performances. Their employers made considerable efforts to work with them on treatment and counseling, but both employees were eventually discharged when their job performances failed to improve due to their continuing dependency problems. Both employees were disqualified for benefits under Minn.Stat. § 268.09, subd. 1(2) (1982), which provides in relevant part: "An individual * * * shall be disqualified [if] * * * [t]he individual was discharged for misconduct, not amounting to gross misconduct connected with his work or for misconduct which interferes with and adversely affects his employment." Neither employee challenges the Commissioner's conclusion that his behavior rose to the level of statutory misconduct.

The only issue presented is whether these employees qualified for benefits under the exception provided by Minn.Stat. § 268.09, subd. 1(2)(b). That section provides in part that an employee shall not be disqualified from receiving benefits for misconduct if "[t]he individual is separated from employment due to his own serious

illness provided that such individual has made reasonable efforts to retain his employment."

In *Moeller v. Minnesota Department of Transportation,* 281 N.W.2d 879 (Minn. 1979), this court applied that provision where an employee was discharged for misconduct due to alcoholism. The Commissioner had denied Moeller benefits, ruling that (1) he was discharged for misconduct due to his own serious illness, and (2) he had not made reasonable efforts to retain his employment by maintaining total abstinence from alcohol. We reversed the Commissioner's latter ruling, stating, "Given the nature of the disease, it is unreasonable to require the employee to maintain total abstinence even after he enters treatment." *Id.* at 882. Despite his failure to abstain from using alcohol, we concluded that Moeller had made a reasonable effort to retain his job by attempting to control his alcohol addiction and, therefore, he qualified for benefits pursuant to section 268.09, subd. 1(2)(b). *Id.* at 882–83.

 In response to *Moeller,* the legislature added the following provision to Minn. Stat. § 268.09, subd. 1(2)(b):

> An individual who is separated from his employment due to his illness of chemical dependency which has been professionally diagnosed or for which he has voluntarily submitted to treatment and who fails to make consistent efforts to maintain the treatment he knows or has been professionally advised is necessary to control that illness has not made reasonable efforts to retain his employment.

Act of April 7, 1980, ch. 508, § 9, 1980 Minn.Laws 463, 479. That amendment codified the import of *Moeller.* That is, one suffering from a chemical dependency need not maintain total abstinence from chemicals or achieve total success in treatment to make reasonable efforts to retain his employment. However, such an individual must "make consistent efforts to maintain the treatment he knows or has been professionally advised is necessary to control that illness." In sum, the statutory standard requires the Commissioner to evaluate the claimant's efforts, not the results.

 Both employees here claim the Commissioner erroneously applied that standard in their cases. After reviewing the record, we are satisfied that the Commissioner correctly applied the standard to conclude that both claimants failed to make consistent efforts to maintain the necessary treatment. Accordingly, these claimants are not entitled to unemployment compensation benefits.

Affirmed.