Allan R. UMLAUF, Relator,

v.

GRESEN MANUFACTURING, Commissioner of Jobs and Training, Respondents.

No. C0–86–741.

Court of Appeals of Minnesota.

Sept. 16, 1986.

William L. Stockman, Stockman, Sullivan & Sadowski, Coon Rapids, for Allan R. Umlauf.

Donald E. Horton, Horton & Associates, Minneapolis, for Gresen Mfg.

Hubert H. Humphrey, III, Atty.Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator Allan Umlauf seeks review of a determination he is not entitled to receive unemployment compensation benefits. Relator claims he was discharged due to his serious illness of alcoholism, which he had made consistent efforts to control. We affirm.

## FACTS

Allan Umlauf was employed by respondent Gresen Manufacturing from 1967 until December 13, 1985, when he was discharged for reporting to work in an intoxicated condition.

Umlauf has a history of problems with alcohol. In 1980, he was convicted of drunk driving and was ordered to undergo outpatient chemical dependency treatment. Umlauf completed the treatment, participated in an aftercare program, and attended Alcoholics Anonymous regularly for several months.

In May 1985, Umlauf was discovered at work unconscious and smelling of alcohol. He was given the option of undergoing chemical dependency treatment or being discharged. He successfully completed an in-patient chemical dependency treatment program. His chemical dependency counselors recommended he participate in an aftercare program and attend AA once a week. Although Umlauf began attending AA meetings, he chose not to participate in the aftercare program. He missed some AA meetings and, at least two or three times, he missed two meetings in a row.

Umlauf resumed drinking in November 1985. On December 13, when he showed up at work intoxicated, he was discharged.

Umlauf applied for unemployment compensation benefits. A referee determined although he had been discharged for misconduct, the "chemical dependency" exception to misconduct entitled him to receive benefits. The referee questioned whether Umlauf had made consistent efforts to maintain his recommended treatment because Umlauf had failed to participate in the aftercare program and missed AA meetings. Yet the referee concluded:

[I]n light of the fact that the claimant has not had a drink nor missed a weekly AA meeting since [he was discharged] the referee has decided to give him the benefit of the doubt.

A Commissioner's representative reversed, determining the referee improperly considered Umlauf's actions after his discharge.

## ISSUES

1. Was Umlauf discharged "due to" his chemical dependency?

2. Did Umlauf make "reasonable efforts" to retain his employment?

## ANALYSIS

■ 1. Minn.Stat. § 268.09, subd. 1 (1984) provides if an individual is discharged from employment due to his illness of chemical dependency, he may be qualified to receive unemployment compensation benefits.

An individual shall not be disqualified * * * under any of the following conditions:

\* \* \* \* \* \*

(b) The individual is separated from employment due to his own serious illness provided that such individual has made reasonable efforts to retain his employment;

An individual who is separated from his employment due to his illness of chemical dependency which has been professionally diagnosed or for which he has

voluntarily submitted to treatment and who fails to make consistent efforts to maintain the treatment he knows or has been professionally advised is necessary to control that illness has not made reasonable efforts to retain his employment. *Id.* subd. 1(2). This exception has been interpreted as follows:

This exception indicates a legislative intent to include as misconduct behavior which results from illness, even though the employee has no control over the illness.

*Moeller v. Minnesota Department of Transportation,* 281 N.W.2d 879, 882 (Minn.1979).

There is no doubt Umlauf's behavior of reporting to work intoxicated constituted misconduct because that behavior was in violation of Gresen's work rules and the union contract's chemical dependency policy. Nonetheless, if Umlauf's behavior was due to chemical dependency and he made reasonable efforts to retain his employment, he should receive unemployment compensation benefits.

■ Gresen argues Umlauf was discharged due to his violation of company work rules and not due to his chemical dependency, citing *Kemp v. U.S. Department of Agriculture,* 385 N.W.2d 879 (Minn.Ct.App.1986), which is distinguishable. In *Kemp,* the employee's absences constituted misconduct, but it could not be concluded those absences were "due to" chemical dependency. Here, Umlauf's misconduct was intoxication, which constituted a violation of Gresen's work rules.

■ 2. Umlauf claims the Commissioner's representative erred by determining he did not make reasonable efforts to retain his employment. Although the statute does not require an individual totally abstain from alcohol or achieve total success in treatment, the individual must make consistent efforts to control his illness. *Leslin v. County of Hennepin,* 347 N.W.2d 277, 279 (Minn.1984). The focus is upon an individual's efforts, not his results. *Id.*

■ The record reveals Umlauf made some effort to control his alcoholism; however, he did not attend an aftercare program. There is evidence in the record Umlauf knew, and had been professionally advised, the aftercare program would have been beneficial. This evidence supports the Commissioner's determination "consistent efforts" should have included attendance at an aftercare program.

## DECISION

The record supports the Commissioner's decision to deny Umlauf benefits because he was discharged due to chemical dependency and had not made reasonable efforts to retain his employment.

Affirmed.