Dennis J. CHERRY, Plaintiff/Appellee,

v.

SUBURBAN MANUFACTURING COMPANY and Rayburn Traughber, Commissioner of the Tennessee Department of Employment Security, Defendants/Appellants.

Supreme Court of Tennessee, at Jackson.

Jan. 11, 1988.

Rehearing Denied Feb. 16, 1988.

274

Webb A. Brewer, Memphis, for plaintiff/appellee.

W.J. Michael Cody, Atty. Gen. & Reporter, Mary Kendall Kallaher, Asst. Atty. Gen., Nashville, for defendants/appellants.

## OPINION

HARBISON, Chief Justice.

In this unemployment compensation case appellee was denied benefits because he breached the terms and conditions of an agreement with his employer under which he was given an unpaid leave of absence for the purpose of undergoing a rehabilitation program for drug abuse. He failed to take the treatment and was discharged.

At all levels of the administrative proceedings it was held that appellee had been discharged for "misconduct connected with his work" and that he was disqualified from receiving benefits under the terms and provisions of T.C.A. § 50–7–303(2)(B). The Chancellor affirmed, but the Court of Appeals reversed and remanded for an award of benefits. We reverse the decision of the Court of Appeals.

Appellee made no attack upon the administrative findings of fact; and after careful examination of the record, we agree that each of those findings was supported by material and substantial evidence. To the extent that the Court of Appeals may have disagreed with those findings, it was in error.

The Court of Appeals was of the opinion that there was evidence in the record to demonstrate that appellee was discharged for other reasons than those officially given by the employer and found by the administrative agency. While there was some evidence that the personnel manager of the employer was concerned about the future ability of appellee to do his work

without proper medical treatment, there was material and substantial evidence to support her statement and the administrative finding that the reason for his termination was the breach of the terms under which he had been granted a leave of absence.

We agree with appellants, therefore, that the sole issue in the case is whether or not the refusal of appellee to obtain appropriate medical and rehabilitative treatment for his drug abuse problem was "misconduct connected with his work" so as to disqualify him for unemployment compensation benefits. That it was sufficient misconduct to justify his discharge from employment is not questioned. Through his union representative he was given every opportunity to seek review of the discharge through the grievance procedures of a collective bargaining agreement. He did not pursue those procedures and acquiesced in his termination.

It has long been settled in this state, however, that a justifiable discharge is not, in and of itself, "misconduct connected with his work" so as to disqualify an employee under the statute. The quoted phrase is a very general one, and each case must be determined in light of all of the facts and circumstances attendant upon the employee's termination. At a minimum, however, the cases are clear that the burden of proving a disqualification is on the employer; and in order to establish a disqualification there must be shown a material breach of some duty which the employee owes to the employer. *See generally, Weaver v. Wallace,* 565 S.W.2d 867, 870 (Tenn.1978), where the Court said:

"Unless the employee's wrongdoing violates a duty owed to the employer, it cannot amount to that 'misconduct *connected with his work*' which serves to disqualify him to receive unemployment insurance benefits, although it may fully justify the employer in discharging him."

In the present case the employee was a young veteran of military service, twenty-three years of age, who had a history of drug abuse dating back to his childhood. Early in 1983 he had entered upon a drug rehabilitation program conducted by the Veterans Administration at Memphis, but he had withdrawn from it and had not completed the program.

Thereafter up until about November 8, 1983, he continued to use drugs and alcohol excessively, to the point that he developed severe emotional problems. Early in November he attempted suicide. On or about November 7 or 8 he wrecked his automobile while under the influence of drugs. He was hospitalized for some four days. It was obvious to him and to his mother that he needed professional help. It was also obvious that he could not continue in his employment, which was of very short duration, and that he would be discharged from it.

Although appellant denied that any absenteeism or other problems which he may have encountered at work were related to his drug abuse, he admitted to excessive use of both drugs and alcohol on weekends and off duty to the point that he realized he had developed a very serious problem.

He did not begin work with the employer, Suburban Manufacturing Company, until late July or early August 1983. He had been working only slightly more than three months when he had the accident above referred to. According to an exhibit filed in the record his last day of work was November 7, 1983.

For the next ten days he did not appear for work and apparently was unable to work because of his injuries and drug intoxication. On November 17, 1983, he and his mother met with his union steward and the personnel manager. At that time appellee requested a leave of absence so that he might enter the Veterans Administration drug rehabilitation program at Memphis. He stated that this program would require about ninety days, and the personnel manager agreed that he might have a leave of absence through February 9, 1984.

In our opinion the record does not sustain the finding of the Court of Appeals that appellee's past performance on the job had not been affected by drugs and that the personnel manager was only concerned

about his future performance. At the time of the conference on November 17, he had already been off from work for ten days because of his drug problems, and by his own admission those problems had reached such a degree of severity that he was no longer able to work because of them.

It is uncontradicted that appellee did not comply with the terms of the leave of absence which had been granted to him. He did go to Memphis and consult with the Veterans Administration authorities there. They readmitted him into the drug rehabilitation program on November 23, 1983, and he was scheduled to be admitted to the hospital on November 25.

■ For reasons of his own, however, appellee changed his mind and did not enter the program. The Court of Appeals stated that the facts did not clearly show a willful breach of the terms of the leave of absence agreement. We respectfully disagree. They show nothing other than a willful and deliberate breach of the agreement on the part of the appellee. He claimed to have been justified in not going through the program because of financial hardship, since his leave of absence was without pay. Nevertheless he did not enter the program or seek any help for his condition. He did telephone the personnel manager, and she advised him that she could not reinstate him at his work unless he did go through the program or, at a minimum, submit to her copies of his previous records at the Veterans Administration Hospital. This he had agreed in writing to do at the time the leave of absence was granted.

When the records were submitted to the personnel manager and when she ascertained from them the degree and severity of appellee's drug abuse history, she again advised him that she could not permit him to return to work unless he obtained professional medical help. He agreed for the second time to re-enter the program at Memphis and returned there in the latter part of January. At that time, however, according to the records of the Veterans Administration which are in evidence, he advised the admitting officer that he did not desire to receive any treatment. In addition he told the Veterans Administration officials that he was not at that time abusing drugs and had not done so since November. Based on all of these circumstances he was denied admission; but, as stated, there is clearly material and substantial evidence in the record that he told personnel at Memphis that he did not desire to receive any treatment at that time.

Although appellee contends that he was fully justified in his conduct because he said that he had been able to bring his drug problem under control voluntarily and without professional help, his failure to comply with the terms of his agreement with his employer could hardly be characterized as inadvertent or negligent. His actions were willful and deliberate, and, in our opinion, do not represent a reasonable effort on his part to obtain needed medical treatment. In our opinion there was material and substantial evidence to justify the conclusions of the administrative agency and of the Chancellor that the appellee had indeed been guilty of misconduct connected with his work within the meaning of the applicable statute.

A case somewhat similar was *Leslin v. County of Hennepin,* 347 N.W.2d 277 (Minn.1984). There two employees had chemical dependency problems which adversely affected their job performances. Their respective employers had made considerable efforts to work with them with respect to treatment and counseling, but both employees were eventually discharged when their performances failed to improve because of their continuing chemical dependency. Both were held to be disqualified under a Minnesota statute requiring disqualification for misconduct which interfered with or adversely affected the employment.

Both employees in that case sought benefits upon the ground that they had made reasonable efforts to retain their employment, but the court found that there was material evidence in the record to the contrary. The case was distinguished from an earlier decision, *Moeller v. Minnesota Department of Transportation,* 281 N.W.2d 879 (Minn.1979), where it was found that

the employee had made a reasonable effort to retain his job by attempting to control his alcoholism.

■ Although appellee rationalized his conduct in his own mind, in our opinion there was material evidence that would justify a trier of fact in concluding that appellee in this case did not make reasonable efforts to comply with the terms of the leave of absence which he had requested and to whose terms he had expressly agreed. His own conclusion that he had overcome his problem without help was not binding on his employer and was in no sense even a minimal compliance with the terms upon which the employer had extended leniency and cooperation.

■ There are, of course, provisions in the Unemployment Security Law providing that an employee shall not be disqualified if he presents medical evidence that he was sick or disabled and returned to the employer and offered himself for work as soon as he was again able to work and to perform his former duties. *See* T.C.A. § 50–7–303(1). Appellee does not contend, however, that he complied with the requirements of that statutory provision.

■ The terms and conditions of the collective bargaining agreement between the employer and the union to which appellee belonged are not in the record. We therefore cannot determine whether its provisions might have prevented the employer from terminating appellee in November 1983, but it does clearly appear that at that time he could no longer continue with his work because of his drug dependency. He so admitted and solemnly agreed that he would seek professional help to obtain relief. His decision not to do so cannot be characterized as anything but deliberate and willful. Under the circumstances, in our opinion, his actions not only justified the employer in terminating him but also violated a duty to and an agreement made with his employer.

It has previously been held in this state that excessive absenteeism constitutes a basis for disqualification even though caused by alcoholism. *See Miotke v. Kelley,* 713 S.W.2d 910 (Tenn.App.1986). After having already been off from work for ten days, appellee was allowed a ninety-day leave of absence conditioned upon his completing the drug therapy program. He made no effort to complete that program after having been accepted into it on November 23. There is evidence in the record that the employer was prepared to extend his leave of absence for any reasonable period sufficient to enable him to complete the program. When he conferred with his personnel manager on January 24, 1984, after the Veteran's Administration records had been furnished the employer, appellee was again told that he could have whatever reasonable leave of absence he might need to re-enter the program and to complete it. While he did testify that he attempted to re-enter it at that time and was denied, as previously stated there is evidence in the record that he told the admitting personnel that he did not wish to receive the treatment.

While a trier of fact might have reached a different conclusion, we cannot say that the record in this case is so devoid of material and substantial evidence as to justify the reversal of the decision of the administrative agency. The Chancellor so held, and we reinstate his decision.

The judgment of the Court of Appeals is reversed, and the judgment of the Chancellor is reinstated at the cost of appellee. The cause will be remanded to the Chancery Court for collection of costs accrued there and for any other orders which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.