Walter GOINS, Petitioner/Appellant,

v.

The UNIVERSITY OF TENNESSEE MEMORIAL RESEARCH CENTER AND HOSPITAL AT KNOXVILLE, Respondent/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 28, 1991.

Permission to Appeal Denied by Supreme Court Dec. 2, 1991.

Herbert S. Moncier, Knoxville, for petitioner/appellant.

Beauchamp E. Brogan, Gen. Counsel, David T. Lewis, Asst. Gen. Counsel, Knoxville, for respondent/appellee.

## OPINION

CANTRELL, Judge.

This is an appeal by a former employee of The University of Tennessee Memorial Hospital, who was terminated for gross misconduct and willful or negligent damage to University property. The termination was affirmed by an Administrative Judge, following a contested case hearing conducted in accordance with the provisions of the Tennessee Uniform Administrative Procedures Act and the administrative rules of the University. Review was sought in the Davidson County Chancery Court, where the Administrative Judge's decision was affirmed. Because we agree that the decision to terminate was supported by substantial and material evidence, we now affirm.

The appellant, Walter Goins, was employed in the maintenance department at The University of Tennessee Memorial Hospital. He has worked at the hospital since July 1978, and his most recent position was that of general maintenance skilled craftsman.

After experiencing equipment problems that were believed to be the result of tampering or sabotage, the University installed hidden video cameras attached to a time lapsed recorder to assist in the detection and identification of persons tampering with the equipment.

At approximately 8:30 a.m., December 7, 1989, Mr. Goins reported to his supervisor that there was a problem with a medical vacuum pump in the equipment room at the East Pavilion of the hospital. Upon inspecting the vacuum pump, it was discovered that one of the nuts controlling the packing gland had been loosened to the point of being only finger tight. This loose packing allowed an excessive discharge of water, which caused the vacuum pump bearing to become wet. Although there was no immediate damage, the incident apparently shortened the expected useful life of the pump.

There was a video camera hidden in the equipment room of the East Pavilion, and the time lapsed tape was reviewed by security officers following the pump's malfunction. That tape showed Mr. Goins adjusting the nuts on the packing gland approximately one hour before he reported the malfunction. The nuts had been recently inspected, and it was determined that no one other than Mr. Goins made any adjustments to them during the three day period preceding the incident.

On December 9, 1987, Mr. Goins was terminated for gross misconduct and willful or negligent damage to University property. He requested a hearing under the Uniform Administrative Procedures Act and the administrative rules of the University to appeal his termination. Mr. Goins also filed a claim for unemployment compensation. The University filed a protest against the payment of benefits.

On January 28, 1988, a hearing was held on Mr. Goins' claim for unemployment compensation before the Appeals Tribunal of the Department of Employment Security. Mr. Goins' supervisor was present at the hearing and testified as to the facts surrounding the termination. Over the University's objection, Mr. Goins was subsequently awarded unemployment benefits.

Prior to the contested hearing, Mr. Goins had requested that a hearing officer be selected outside of the University Hospital organization. Dr. Malcolm McInnis, an Associate Professor and Head of Continuing and Higher Education, was subsequently appointed as administrative judge by the hospital administration.

The contested hearing was held on March 7, 1988. In his initial order, Dr. McInnis found that Mr. Goins had made improper adjustments to the vacuum pump and failed to report the discharge of water for nearly one hour, and that such conduct constituted gross misconduct and willful or negligent damage to University property. The termination of employment was therefore affirmed.

Mr. Goins subsequently filed a Petition for Reconsideration, followed by a "Motion to Consider Post–Hearing Facts and to Reconsider Initial Order on the Basis of Collateral Estoppel and Res Judicata." The latter motion raised the issue of the preclusive effect of the decision of the Department of Employment Security approving Mr. Goins' claim for unemployment benefits. The Administrative Judge denied the motion and the petition.

Pursuant to Tenn.Code Ann. § 4–5–322, Mr. Goins filed a petition for judicial review with the Davidson County Chancery Court. While the case was pending, it was discovered that the record of the proceedings under review which had been filed with the Chancery Court, including all exhibits, was missing. A duplicate record was created, consisting of the transcript of proceedings and copies of most of the exhibits. Unfortunately, certain parts of the record could not be duplicated. These include the video tape showing Mr. Goins making the adjustment to the pump, several photographs of the pump and work area, a maintenance book which demonstrates how the pump works, the repair record on the vacuum pump, letters of recommendation and a performance review on Mr. Goins, and some pieces of strap that were found near the pump. Over the appellant's objection, the Chancellor ruled that there was a sufficient record available to adequately review the decision of the Administrative Judge. The Chancellor further found that there was substantial and material evidence to support the decision to terminate Mr. Goins.

## II.

■ The first issue we shall address is whether the trial court erred affirming the decision of the Administrative Judge, based on a less than complete record. The appellant contends such practice violates Tenn. Code Ann. § 4–5–322(d), which requires the reviewing court to consider the original or a certified copy of the entire record. The appellant requests that the case be remanded for another administrative hearing so that a new and complete record can be made and transmitted for any necessary judicial review. This, however, will not change the fact that the missing evidence cannot be reproduced. The appellant submits, therefore, that the appellee must present its case de novo without the video tape, photographs and other missing exhibits.

■ The problems that inherently arise when a record or exhibit is lost, whether innocently or otherwise, has been alleviated to a great extent by Tenn.Code Ann. § 24–8–109. Under this provision, the missing parts of the record may be supplied, upon application and order of the Court, by the best evidence the nature of the case will admit. This statute does not dilute the jurisdiction of the trial court, but rather, allows it to consider to the fullest extent possible the missing parts of the record in a form best suited for the particular case. *Pearson v. McCallum*, 26 Tenn.App. 413, 173 S.W.2d 150 (1941). Such evidence is ordinarily by affidavit from the Clerk and Master, the attorneys, or any other person who is best acquainted with the facts or nature of the missing record. *See* Inman, *Gibson's Suits in Chancery*, § 396 (7th ed.1988). If the newly supplied evidence is the best that the nature of the case will permit, and if it is sufficiently clear, cogent and definite, then it will be accepted with all the force and effect of the original. *Id.*

After it was discovered that the record in this case was missing, counsel for the appellee recreated as much of the record as possible by obtaining a copy of the transcript of the proceedings and copies of many of the exhibits. But nowhere in the record do affidavits appear requesting and meeting the statutory requirements of supplying the lost portions of the record. Rather, counsel for the appellant addressed this issue by making a motion for summary judgment or remand of the case for a new administrative hearing. Had the proper application been made under Tenn.Code Ann. § 24–8–109, the appellant would have been entitled to offer summaries of the video tape, photographs and other exhibits by sworn affidavit. By not taking steps to comply with the requirements of Tenn. Code Ann. § 4–5–322(d) that the original or

certified copy of the entire record be transmitted to the reviewing court, the appellant cannot now assert that the trial court erred by considering a less than complete record.

## III.

We also agree with the trial court that there is sufficient record available to adequately review the decision of the Administrative Judge, and that the decision reached was based on substantial and material evidence. The charges of gross misconduct and willful or negligent damage to University property are based on two separate grounds: improper adjustments made to the vacuum pump and failing to report the discharge of water for almost one hour. Either of these grounds standing alone is sufficient to justify Mr. Goins' termination. Other than the letters of recommendation and performance review, the sum of the missing exhibits goes exclusively to the issue of whether Mr. Goins made improper adjustments to the vacuum pump. As it stands, the record contains the testimony of three witnesses that the packing gland was tight on Friday, December 4, 1987, that no one touched it until Monday morning, December 7, 1987, when Mr. Goins was observed on the video tape making adjustments,[1] and that approximately one hour later Mr. Goins reported the excessive discharge of water. Thus, the record contains substantial and material evidence that the appellant failed to report the discharge of water for almost one hour.

## IV.

In his next issue, the appellant contends that the Chancellor erred in denying his written request for leave to present additional evidence. The Court found that the relief being sought was not authorized by the judicial review provision of the Administrative Procedures Acts. The relevant provision of that Act states:

(e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, *and it is shown to the satisfaction of the court that the additional evidence is material* and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decisions with the reviewing court.

Tenn.Code Ann. § 4–5–322(e) (emphasis added).

The additional evidence that the appellant sought to present was that the vacuum pump in question was replaced sometime after Mr. Goins' termination. This, the appellant contends, is evidence which rebuts the University's contention that there were no problems with the pump after the termination, making Mr. Goins the obvious culprit of the sabotage. These events, however, concern maintenance problems occurring subsequent to the appellant's termination. This has no bearing on the issue involved—the appellant's misconduct prior to termination. As such, this evidence is neither material nor relevant, and the Chancellor correctly determined that the relief sought is not authorized by the judicial review provision of the Act.

## V.

The appellant also contends that the final decision of the Appeals Tribunal of the Department of Employment Security awarding unemployment compensation should be binding on the University, and that principles of res judicata and collateral estoppel preclude the parties from relitigating the issue of appellant's misconduct at the contested administrative hearing. We disagree.

The doctrine of res judicata bars a second suit between the same parties or their

---

1. Because of the appellant's failure to comply with the requirements of Tenn.Code Ann. § 24–8–109, we will not speculate as to whether the video tape shows that the adjustments were properly or improperly made. However, because the original has been lost, those witnesses who have previously viewed it may testify as to what they saw. Tenn.R.Evid. 1004.

privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987); *See also* 22 Tenn. Jur. *Res Judicata* § 4 (1985).

In the present case, res judicata does not apply because the two hearings did not involve the same cause of action. The proceeding before the Department of Employment Security was instituted by the appellant based on his claim of entitlement to unemployment compensation under the statutory provisions of Tenn.Code Ann. § 50–7–101 et seq. This cause of action would arise regardless of whether the appellant was fired, laid off, or forced to resign for other reasons. The administrative hearing, on the other hand, was instituted by the appellant to contest his termination and seek reinstatement pursuant to the personnel policies of The University of Tennessee. The provisions of the Employment Security Act have no application to the contested administrative hearing, and the two proceedings are clearly based on different causes of action.

■ Likewise, the doctrine of collateral estoppel is not applicable because the issues are different. The issue presented to the Appeals Tribunal was whether the appellant was disqualified from receiving benefits because of "misconduct associated with his work," as that term is used in Tenn.Code Ann. § 50–7–303(a)(2). Conversely, the issue in the contested administrative hearing was whether the appellant was guilty of "gross misconduct" as that term is defined in the University's personnel policy, and whether he violated the hospital's work rules by committing "willful or negligent damage to University property." The Tennessee Supreme Court has recognized that there exists a distinct difference in what constitutes a "justifiable discharge" when that issue is raised during the grievance procedures of a collective bargaining agreement, and what constitutes "misconduct associated with work" so as to disqualify an employee from receiving unemployment compensation. *Cherry v. Suburban Mfg. Co.,* 745 S.W.2d 273, 275 (Tenn.1988).

## VI.

■ In his final issue, the appellant contends that the University is not statutorily authorized to appoint one of its employees as an administrative judge to conduct a contested case hearing. In support of that position, we have been referred to *Cavallo v. Hunt,* Tenn.Ct.App. at Jackson, 1990 WL 39344, filed April 9, 1990. It is true that *Cavallo* stands for the above stated proposition, but it is equally true that *Cavallo* has no application to the present case. In *Cavallo,* the sole issue was whether the trial court erred in dismissing the claimant's petition to mandate the appointment of a hearing officer through the Office of the Secretary of State, and to enjoin the University from appointing one of its employees as administrative judge at a contested hearing. The Court found that it was reversible error to dismiss the claimant's petition because, unlike other administrative agencies, the University of Tennessee has not been statutorily authorized to appoint one of its employees as an administrative judge. But unlike the present case, the claimant in *Cavallo* petitioned the Chancery Court for relief *prior* to the contested administrative hearing. Here, the only request made prior to the hearing was by letter dated December 29, 1987, addressed to the Personnel Manager of The University Hospital. In that letter, the appellant's attorney states "We would also ask that a hearing officer be selected outside of the University Hospital organization so as to comport with administrative due process and T.C.A. 4–5–302." The appellant got precisely what he requested because the subsequent appointee was Dr. McInnis, an Association Professor and Head of Continuing and Higher Education. That is an appointment outside of the University Hospital organization.

It should also be noted that the *Cavallo* decision was filed two years after the contested administrative hearing in this case. There is nothing in that opinion to suggest it was intended to apply retroactively. In the absence of expressed intent, judicial decisions overruling prior interpretations of statutes will not be given retroactive effect. *Blank v. Olsen,* 662 S.W.2d 324 (Tenn.1983).

The decision of the Davidson County Chancery Court is affirmed, and the case is remanded for any further proceedings that may be necessary. Costs of appeal are taxed to the appellant.

TODD, P.J., and KOCH, J., concur.