IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 2, 2009 Session

ROMONA D. GORE, ET AL. v.
MEMPHIS LIGHT, GAS and WATER, DIVISION OF THE CITY OF
MEMPHIS

Direct Appeal from the Chancery Court for Davidson County
No. 08-1101-I     Claudia Bonnyman, Chancellor

No. M2009-01237-COA-R3-CV - Filed December 14, 2009

This is a claim for unemployment benefits.  The claimant was denied unemployment benefits based on a finding that she falsified company records and therefore was discharged for misconduct connected with her employment.  The claimant appealed the administrative decision to the Chancery Court.  The Chancery Court reversed the administrative decision, finding that there was not substantial and material evidence to support the decision.  Upon reviewing the record, we find that the administrative record contains substantial and material evidence to support the finding that the claimant falsified company records.  Accordingly, we reverse the decision of the Chancery Court and remand for further action consistent with this opinion.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Reversed and
Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Fred E. Jones, Jr., Memphis, Tennessee, for the Appellant, Memphis Light Gas and Water.

Ramona D. Gore, Hernando, MS, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Michael E. Moore, Solicitor General, Lindsey O. Appiah, Assistant Attorney General and Angela Spinella Bonovich, Staff Attorney, Nashville, Tennessee, for Appellee, Tennessee Department of Labor and Workforce Development.

OPINION

After her employment was terminated by Appellant, Memphis Light, Gas and Water

("MLGW"), Romana D. Gore ("Gore"), Appellee, filed for unemployment compensation on August 3, 2007, with the Tennessee Department of Labor and Workforce Development ("TDOLWD"). Gore worked for MLGW since November 1998, but was terminated in July 2007. MLGW terminated Gore's employment because she allegedly falsified company documents. Specifically, MLGW alleged that Gore falsified two parts of her 2006 Performance Appraisal.[1] On page twenty-two of the appraisal, in regards to objective one for the fourth quarter of 2006, Gore wrote:

> Chemical Inventory-14 areas were identified to be inspected to determine the chemical inventory and compile MSDSs for these chemicals. Activity #1- I conducted a formal inspection of all fourteen areas just over the projected need date within the 2nd quarter. Most of these areas have achieved full compliance and I have a chemical use/inventory & MSDSs for them. Activity #2- During this period I concentrated more on insuring that all of these areas had a hard copy of MSDSs for their chemical products, compiling them in a binder to insure that they are accessible to all employees in the event that there is a spill, accident, or emergency, and that they would be accessible and available in the event that there was as OSHA or TDEC inspection.

On August 24, 2007, TDOLWD issued its decision finding that Gore had been terminated for falsifying documents and that her actions constituted work related misconduct under Tenn. Code Ann. § 50-7-303. Accordingly, TDOLWD held that she was disqualified from receiving unemployment benefits. Gore appealed this decision.

A hearing was set before the Appeals Tribunal on October 3, 2007. Neither party appeared on this date and the Appeals Tribunal affirmed the agency's decision. Gore appealed this decision to the Board of Review, which remanded the case to the Appeals Tribunal for a hearing on the merits.

The Appeals Tribunal held a hearing on December 7, 2007. MLGW was represented by Ruthie Griffin, Supervisor of Human Resource Services and Gore proceeded pro se. Following this hearing, the Appeals Tribunal issued a written decision on December 10, 2007. The Appeals Tribunal found that (1) Gore was an environmental engineer for MLGW from November 2, 1998 until July 23, 2007; (2) that MLGW terminated Gore's employment after discovering that she had not completed inspections as she had stated in a performance appraisal; and (3) that Gore had intended to state in the performance appraisal that she would complete the inspections at a later date. Based on these findings, the Appeals Tribunal concluded that Gore was guilty of work related misconduct by violating MLGW's "falsification policy when she placed in her evaluation that she

---

[1] It appears from the transcript of the administrative hearing that MLGW contends that Gore falsified pages seven and twenty-two. Page seven however, does not appear in the record. Accordingly, we review only the allegations related to page twenty-two.

inspected certain facilities when her inspection duties were not complete." Accordingly, the Appeals Tribunal affirmed the agency's denial of unemployment benefits. Gore appealed the Appeals Tribunal's decision to the Board of Review on December 20, 2007.

The Board of Review upheld the Appeals Tribunal's decision after reviewing the entire record and the findings of fact made by the Appeals Tribunal. The Board of Review stated that the Appeals Tribunal denied unemployment benefits because Gore "falsified company documents to reflect that she had performed inspections of hazardous materials at certain locations when she had not done so." The Board found Gore's assertion that she did not mean what she wrote on the documents was not credible. The Board of Review also found that her assertion that the hearing was unfair because the employer's witnesses were in a hurry to leave, was not supported by the transcript.

Gore submitted a petition to rehear to the Board of Review along with new evidence, on March 31, 2008.[2] The Board of Review denied Gore's petition on April 7, 2008. Gore then filed a Petition for Judicial Review. The Chancery Court held a hearing on March 24, 2009, where all parties were allowed to present their arguments.[3] The Chancery Court, after considering the arguments and reviewing the administrative record, reversed the decision of the Appeals Tribunal. The Chancery Court entered a final order on May 14, 2009, wherein it adopted its ruling from the bench finding that there was not substantial and material evidence to show that Gore was dishonest in reporting the inspections at issue. The Chancery Court found that the administrative decision was lawful as Gore was not deprived of her due process rights. The Chancery court further noted that the Appeals Tribunal made other erroneous findings of fact. First, the Chancellor found that the finding that Gore had been an environmental engineer since 1998 was erroneous; and second, the Chancellor found that the finding that Gore had training was also erroneous. The Chancery Court found that these findings may have been material to the decision. MLGW appeals from this decision.

On appeal, MLGW presents two issues for this Court's review:

1.      Whether the administrative decision was supported by evidence that is both substantial and material in light of the entire record; and

---

[2] While not stated, it does not appear that the Board of Review granted Gore's request to submit new evidence.

[3] At the March 24, 2009, hearing Gore submitted new documents and referred to matters not in the administrative record. It appears from the transcript that documents were accepted by the trial court. However, no additional documents appear in the record. It is unclear from the record whether the trial court relied on any newly submitted evidence in making its decision. In its ruling the trial court only refers to documents contained within the administrative record. Any consideration by the trial court of evidence not contained in the administrative record, would be error. *Armstrong v. Magill*, No. W2003-00207-COA-R3-CV, 2004 WL 1462631, *5 (Tenn. Ct. App. 2004)(citing *Metropolitan Government of Nashville & Davidson County v. Shecklett*, 554 S.W.2d 601, 604 (Tenn. 1977)).

2.      Whether the trial court substituted its judgement for that of the trier of fact?

**Standard of Review**

On appeal, this Court is to apply the same standard of review as that applied by the trial court. ***Armstrong v. Neel***, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986). The standard of review is set forth in Tenn. Code Ann. § 50-7-304(i), which states, in pertinent part:

> (2) The chancellor may affirm the decision of the board, or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> > (A) In violation of constitutional or statutory provisions;
> > (B) In excess of statutory authority of the agency;
> > (C) Made upon unlawful procedure;
> > (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > (E) Unsupported by evidence which is both substantial and material in light of the entire record.
>
> (3) In determining the substantiality of the evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board shall be reversed, remanded or modified by the chancellor unless for errors which affect the merits of the final decision of the board.

In sum, the Board of Review's finding is conclusive unless there is not substantial and material evidence to support its findings. **Ford v. Traughber**, 813 S.W.2d 141, 144 (Tenn. Ct. App. 1991)(citations omitted). Upon finding substantial and material evidence, this Court's review is limited to conclusions of law. ***Id.***

Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and to furnish a reasonably sound basis for the action under consideration." ***Id.***(citations omitted). It has been described as "something less than a preponderance of the evidence, but more than a scintilla or glimmer." ***Wayne County v. Tenn. Solid Waste Disposal Control Bd***., 756 S.W.3d 274, 280 (Tenn. Ct. App. 1988).

## Analysis

A claimant may be disqualified from receiving unemployment benefits if it is found that the "claimant has been discharged from the claimant's most recent work for misconduct connected with the claimant's work." Tenn. Code Ann. §50-7-303(a)(2)(A)(2009). The Appeals Tribunal relied on this statute in denying Gore unemployment benefits. The Appeals Tribunal affirmed the agency's finding that Gore had falsified company documents and was therefore guilty of misconduct connected with her work. The statute does not contain a definition of "misconduct connected with work."[4] The Tennessee Supreme Court has held that for conduct to be misconduct, there must be a breach of duty owed to the employer. *Weaver v. Weaver*, 565 S.W.2d 867, 870 (Tenn. 1978). "[M]isconduct must at least be intentional conduct that materially breaches a duty the employee owes to the employer." *Armstrong*, 725 S.W.2d at 955. This Court has previously held that falsifying documents is misconduct and may disqualify an employee from receiving unemployment benefits. See *Russell v. Culpepper*, No. 03A01-9608-CH-00261, 1997 WL 129110 (Tenn. Ct. App. 1997); *Turner v. Stokes*, No. 02A01-9510-CH-00238, 1996 WL 544377 (Tenn. Ct. App. 1996). The employer has the burden of proving that the employee should be disqualified from unemployment benefits. *Weaver*, 565 S.W.3d at 870.

The TDOLWD, the Appeals Tribunal, and the Board of Review all found that Gore was guilty of falsifying documents and therefore guilty of misconduct connected with her work and disqualified from receiving unemployment compensation. The Appeals Tribunal conducted a hearing where each party was allowed to testify and present evidence. At the hearing, Monica Darby ("Darby"), Lead Environmental Engineer for MLGW, and Kim Rayburn ("Rayburn"), Assistant Manager of Facilities and Loss Prevention, testified on behalf of MLGW. Darby testified that Gore's employment was terminated because she falsified company records. Specifically, she testified that Gore falsified her Performance Appraisal indicating that work was completed that was not actually complete. The portions of the Performance Appraisal that were allegedly falsified were entered into evidence. Darby testified that she conducted an investigation where she contacted the department heads of the areas that Gore was to inspect and develop a chemical inventory for. She presented emails from several department heads that indicated that Gore had not conducted an inspection nor developed her own chemical inventory for their respective area. In her cross examination of Darby, Gore stated that she did not agree with the statements made in the emails. Darby further testified that Gore was informed at orientation that falsification of company records would cause her to lose her job. Finally, Darby testified that there was no specialized training for how to perform the inspections.

Rayburn testified that she, along with Darby, met with Gore in November and December 2006, to discuss her Performance Appraisal. She stated that she informed Gore at these meetings, that Gore must go to each area, do an inspection and develop her own chemical inventory list.

---

[4] Tenn. Code Ann. § 50-7-303 has been amended, effective January 1, 2010. 2009 Public Acts Chapter No. 479. The amendment contains a definition of misconduct consistent with the definitions set forth by the Tennessee Supreme Court and this Court. *Id*. However, the amendment is not effective for this case.

During Rayburn's testimony, notes from her meetings with Gore were entered into evidence. These notes reflect what she testified to about the meetings. On cross examination of Rayburn, Gore denied having met with Rayburn in November. Rayburn testified that Gore did not receive training as to how to perform the inspections from her, but that others had gone over what was expected of the inspections with Gore.

Gore also testified at this hearing. She stated that prior to the December meeting, she thought she was to go to each area and that the area would provide her with a list of their chemical inventory. Gore denied having a meeting with Rayburn and Darby in November. She testified that she went to each area to collect their chemical inventory and was planning on returning to do "follow-up inspections." She claimed that she stated this in her Performance Appraisal on Page 23, which appears in the record.

We have reviewed the entire record in this case, including the transcript from the administrative hearing. In reviewing the record, we must determine whether there is substantial and material evidence to support the findings of fact. "The standard of review of a decision of the Board of Review envisions substantial judicial deference to administrative decisions and the courts must guard against substituting their judgment for that of the administrative agency." *Perkins v. Davenport*, No 03A01-9903-CH-00106, 1999 WL 1191506, *3 (Tenn. Ct. App. 1999)(citing *Cherry v. Suburban Manufacturing Company*, 745 S.W.2d 273, 277 (Tenn. 1988)). We find that there is substantial and material evidence in the administrative record, for the trier of fact to find that Gore falsified company records and therefore was discharged for work related misconduct. While this Court, as the trier of fact, may have reached a different conclusion, we cannot say that the record in this case is devoid of material and substantial evidence as to justify the reversal of the decision of the administrative agency. *Cherry*, 745 S.W.2d at 277.

We note that the Chancery Court found that the Appeals Tribunal made two other erroneous findings of fact; first, that Gore had worked as an environmental engineer since 1998; and second, that she received training in how to perform her job. While Gore had worked for MLGW since 1998, the record does show that she had only worked as an environmental engineer since February 2006. While this finding is erroneous, we find that it is not material to the finding that she falsified company records. Additionally, we have determined that the finding that she received training on how to perform her job is not material to the finding that Gore falsified company records. There is substantial and material evidence to support a finding that Gore was informed that she was to make full inspections and develop her own chemical inventory for each area. Gore stated that she had done this. However, there is substantial and material evidence to support the finding that she had neither made a full inspection nor developed her own chemical inventory for each area. Further, there is substantial and material evidence that she was informed by at least one person, that these were her duties.

**Conclusion**

-6-

This Court finds that there is substantial and material evidence to support the finding of the Appeals Tribunal that Gore falsified company records and was accordingly discharged for misconduct connected with her work. Consequently, we reverse the decision of the Chancery Court and remand for any other action consistent with this opinion. Costs of this appeal are taxed to the Appellee, Romana D. Gore, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.