Ella Mae SABASTIAN,
Petitioner-Appellant,

v.

Robert J. BIBLE, Commissioner of Employment Security and American Can Company, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 13, 1983.

Application for Permission to Appeal
Denied by Supreme Court
April 4, 1983.

Allen Shoffner, Shelbyville, for petitioner-appellant.

Peggy F. Williams, Nashville, for defendants-appellees.

CRAWFORD, Judge.

Petitioner, Ella Mae Sebastian, seeks court review of the holding of the Board of Review of the Tennessee Department of Employment Security that she voluntarily left her work without good cause connected with her work and was therefore disqualified to receive benefits under Tenn.Code Ann. § 50–1324(A) (1977). The Chancellor affirmed the Board of Review's holding, and Sabastian appeals to this court. The narrow issue presented on appeal is:

Whether there is sufficient evidence in the record and any reasonable basis in law to support the finding of the Board of Review that petitioner left her most recent work voluntarily without good cause connected with her work.

The Board of Review made the following written findings and holding:

FINDINGS OF FACT: Claimant's most recent wage paying work prior to filing this claim was with American Can Company, Shelbyville, Tennessee, as a material handler, from June 12, 1972, until November 20, 1980. On October 17, 1980, claimant sustained a job-related injury to her shoulder, causing her to miss work from October 17, 1980, until October 28, 1980. On November 20, 1980, claimant was again injured at work when a stack of cardboard boxes fell on her. She suffered a mild concussion, bruises, and pulled muscles, and was taken to the emergency room at a local hospital. On

November 21, 1980, the company doctor, who was unaware of claimant's injury on October 17, 1980, released claimant to return to work, effective November 24, 1980. Claimant's daughter took claimant to the Baptist Hospital in Nashville, Tennessee, on November 21, 1980, where she was examined and released to return to work effective November 24, 1980. However, claimant did not return to work. At employer's request, claimant was examined on December 23, 1980, by an orthopedic doctor recommended to the employer. He found that claimant would completely recover in a short period of time, and suggested that she be placed on light duty until approximately February 1, 1981, at which time he expected that she would be able to resume her usual work. On January 15, 1981, employer received a copy of an undated memo from claimant's private physician, stating that claimant had not fully recovered from her injury, and further that he hoped she would be able to return to work within four to six weeks. On January 28, 1981, claimant called the employer concerning vacation pay. At that time, the employer asked claimant to let him know when she expected to return to work, but she was unable to say at that time. When no further word was received from claimant or her physician the employer mailed claimant a separation notice, on March 9, 1981. On March 23, 1981, claimant's private physician again examined claimant and stated he felt it would be possible for her to return to work on March 31, 1981. COMMENT: The Appeals Tribunal finds that employer was aware that claimant's absence from work was caused by her injury on the job. There is however, a question as to when claimant was able to return to work due to conflicting information submitted by several physicians. In the opinion of the Appeals Tribunal, the preponderance of the medical evidence indicates that claimant was able to return to work approximately two months before her private physician released her as able to return to work. Therefore, the Appeals Tribunal finds that claimant failed to offer herself for work as soon as she was again able to work and this would be disqualifying under Tennessee Code Annotated Section 50–1324 A.

DECISION: The Agency decision, which approved this claim, is vacated and set aside and the claim is rejected as of the date of filing under TCA, Section 50–1324 A. Any overpayments created by this decision are reimbursable to the Agency.

The statute relied upon by the Board provides:

An individual shall be disqualified for benefits: A. If the commissioner finds that he has left his most recent work voluntarily without good cause connected with his work ... No disqualification shall be made hereunder, however, if such individual presents evidence supported by competent medical proof that he was forced to leave his most recent work because he was sick and disabled and notified his employer of that fact as soon as it was reasonably practicable to do so, and returned to that employer and offered himself for work as soon as he was again able to work, and to perform his former duties.

Tenn.Code Ann. § 50–1324(A) (1977).

The scope of review in this court is limited. If the finding of the Board of the Review is supported by any evidence, judicial review is limited to questions of law. Tenn.Code Ann. § 50–1325(I) (1977); *Cawthron v. Scott,* 217 Tenn. 668, 674, 400 S.W.2d 240, 242 (1966).

Sebastian insists that since her physician did not release her for work, then a construction of the statute requiring her to return to work is not reasonable.

In order to sustain the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding. The reviewing court's function is severely limited. All that is needed to support the commission's inter-

pretation is that it has warrant in the record and a reasonable basis in law. *Cawthron v. Scott, supra* at 674, 400 S.W.2d at 242.

We hold that there is ample evidence in the record upon which the Board made its finding that the preponderance of the medical evidence indicated that Sebastian was able to return to work approximately two months before her private physician released her, and that therefore she failed to offer herself for work as soon as she was again able, which failure disqualified her from receiving benefits under Tenn.Code Ann. § 50–1324(A) (1977).

The judgment of the Trial Court is affirmed and the costs of this appeal are taxed to the appellant. The case is remanded to the Trial Court for any other proceedings necessary.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.