IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT KNOXVILLE
_____

FILED

October 16, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

**WANDA R. SARGENT,**

      Petitioner-Appellant,

Vs.

Roane Chancery No. 12,533
C.A. No. 03A01-9602-CH-00071

**MARGARET CULPEPPER,**
Commissioner, Tennessee Department
of Employment Security,

and

**ROANE HOSIERY,**

      Respondents-Appellees.

_____

FROM THE ROANE COUNTY CHANCERY COURT
THE HONORABLE FRANK V. WILLIAMS, III


Paul E. Drozdowski of Oak Ridge
For Appellant

Charles W. Burson, Attorney General and Reporter
Robert W. Stack of Nashville
Jennifer H. Small of Nashville
For Culpepper

Frank P. Pinchak and Lisa M. Pate of Chattanooga
For Roane Hosiery


*AFFIRMED*

Opinion filed:


                            **W. FRANK CRAWFORD,**
                            **PRESIDING JUDGE, W.S.**


**CONCUR:**

**DAVID R. FARMER, JUDGE**

**SAMUEL L. LEWIS, JUDGE**

      This is an unemployment compensation case. Petitioner, Wanda R. Sargent, appeals

from the order of the trial court dismissing her petition for certiorari and affirming the decision

of the Board of Review that disallowed her claim for unemployment compensation benefits.

Sargent was employed by Roane Hosiery, Inc. as a folder on July 26, 1993. She worked 53 hours a week, nine hours a day Monday through Friday and eight hours on Saturday. Sargent was pregnant, and on February 14, 1994, she visited a doctor due to exhaustion from her long hours and her pregnancy. Sargent's doctor advised her to take two weeks off work, which she did starting February 14, 1994. On March 1, 1994, Sargent called Roane and told her employer that she could work six to seven hours a day, but not nine hours a day. The next day, she presented a doctor's letter stating that nine hours a day is too exhausting for a pregnant woman. However, Jim Rummell, her foreman, told her that Roane did not have any part-time work. Sargent did not return to work for Roane or receive any wages from Roane after February 14, 1994. Sargent testified that she did not quit, but Rummell testified that he was under the impression that she quit because there were no part time jobs at Roane. Sargent was kept on the payroll at Roane for insurance purposes between February 14, 1994 and May 16, 1994. On May 16, 1994, Roane informed Sargent that she was terminated based on its company policy of terminating persons who have not worked for ninety days.

Sargent filed a claim for unemployment compensation on March 15, 1994. The Tennessee Department of Employment Security (TDES) denied the claim on the grounds that she was on a leave of absence and was ineligible under T.C.A. § 50-7-302(a)(4).[1] Sargent appealed this denial and a hearing was held on June 8, 1994 before the Appeals Tribunal. The Appeals Tribunal found that Sargent was unemployed under T.C.A. § 50-7-302 and remanded the case back to TDES to adjudicate the separation issue under T.C.A. § 50-7-303. On remand, TDES found that Sargent was ineligible for unemployment compensation under T.C.A. § 50-7-303(a)(1) because she was not released by her doctor to perform her usual duties. Sargent again appealed to the Appeals Tribunal who affirmed the TDES decision. The decision of the Appeals Tribunal states in part pertinent to this appeal as follows:

> FINDINGS OF FACT: Claimant's most recent employment prior
> to filing this claim was with Roane Hosiery, Inc., as a folder,
> from July 26, 1993, until May 16, 1994, when she was

---

[1] T.C.A. § 50-7-302(a)(4) provides as follows:
**Benefit eligibility conditions. --** (a) Personal Eligibility Conditions. An unemployed claimant shall be eligible to receive benefits with respect to any week only if the commissioner finds that all of the following conditions are met:
(4) The claimant is able to work, available for work, and making a reasonable effort to secure work.

discharged. On March 1, claimant came to the foreman, indicating she could not work eight hours a day, but only six hours. She was pregnant. He informed claimant the employer did not have part-time work. She went to the supervisor and the time keeper. Claimant had a doctor's certificate which indicated that due to pregnancy she could not work nine hours a day. Claimant's last day was February 14. She was left on insurance coverage until May 16, due to policy. At that point claimant was terminated. The employer is willing to rehire claimant as they do not consider her separation wrongful. Claimant is able to work, but cannot work nine hours a day. Claimant filed for unemployment benefits on March [15].

CONCLUSIONS OF LAW: The Agency finds that claimant left due to a medical condition not caused by her work. Before she can be considered eligible for unemployment benefits she must show she has complied with the medical exception provisions of T.C.A. § 50-7-303(a)(1). Claimant must be released by her doctor as able to return to her former duties and is not eligible for unemployment under T.C.A. § 50-7-303(a)(1). After release by her doctor to return to her former duties, and employer has no work available, claimant may reapply for benefits if otherwise eligible. Claim is denied effective March 15, under T.C.A. § 50-7-303. The Agency decision which denied this claim is affirmed.

DECISION: The claimant is not eligible for unemployment benefits under T.C.A. § 50-7-303(a)(1). Upon satisfaction of the medical exception under T.C.A. § 50-7-303(a)(1), claimant, if otherwise eligible, may reapply for benefits.

Sargent appealed this decision to the Board of Review. The Board of Review adopted the Appeals Tribunal's findings of fact and conclusions of law and affirmed the decision. On November 15, 1994, Sargent appealed this finding to the Roane County Chancery Court. The Chancellor found that there was substantial and material evidence to support the decision of the Appeals Tribunal and, therefore, affirmed the decision of the Board of Review. Sargent has appealed to this Court, and the issue we must decide is whether the Board of Review's decision that Sargent is not entitled to unemployment compensation benefits pursuant to T.C.A. § 50-7-303(a)(1) is supported by substantial and material evidence.

The standard of judicial review applicable in unemployment compensation benefit cases where the trial court sits as an appellate court is set forth in T.C.A. § 50-7-304(I)(2) and (3) (Supp. 1996):

> (2) The chancellor may affirm the decision of the board, or the chancellor may reverse, remand, or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> *    *    *    *    *    *    *
>
> (E) Unsupported by evidence which is both substantial and material in the light of the entire

3

record.

(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board of review shall be reversed, remanded, or modified by the chancellor unless for errors which affect the merits of the final decision of the board.

Substantial and material evidence is such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration. *Southern Ry. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984) (citations omitted). Courts should not disturb a reasonable decision of an agency which has expertise, experience and knowledge in a particular field. *Id.*

This Court must apply the same standard as the trial court in reviewing the trial court's decision in an unemployment compensation case. *Ford v. Traughber*, 813 S.W.2d 141, 144 (Tenn. App. 1991). In *Sabastian v. Bible*, 649 S.W.2d 593, 594-5 (Tenn. App. 1983), we stated:

In order to sustain the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding. The reviewing court's function is severely limited. All that is needed to support the commission's interpretation is that it has warrant in the record and a reasonable basis in law.

The Board's ruling disqualifying Sargent for benefits was based upon T.C.A. § 50-7-303(a)(1) (Supp. 1996) which we quote in pertinent part:

**50-7-303. Disqualification for benefits. --** (a) Disqualifying Events. A claimant shall be disqualified for benefits:

(1) If the commissioner finds that the claimant has left such claimant's most recent work voluntarily without good cause connected with such claimant's work. Such disqualification shall be for the duration of the ensuing period of unemployment and until such claimant has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and was paid wages thereby ten (10) times such claimant's weekly benefit amount. No disqualification shall be made hereunder, however, if such claimant presents evidence supported by competent medical proof that such claimant was forced to leave such claimant's most recent work because such claimant was sick or disabled and notified such claimant's employer of that fact as soon as it was reasonably practical to do so, and returned to that employer and offered to work as soon as such claimant was again able to work, and to perform such claimant's former duties.

Sargent asserts that she did not voluntarily quit her job. She claims that she was

4

discharged by Roane. She argues that since she did not voluntarily quit, T.C.A. § 50-7-303(a)(1) is inapplicable and, therefore, the Board of Review erred in applying this disqualification provision. We disagree.

Substantial and material evidence supports the Board's decision that Sargent voluntarily quit her job. She could have returned to work at Roane full time but chose not to. In her applications for other jobs, Sargent stated the reason for leaving Roane as "wanted something part-time." When she left, her foreman was under the impression that she quit. She was taken off of the payroll after she failed to appear at work for 90 days. In our view, the proof established that Sargent voluntarily left Roane.

Sargent next argues that, if she voluntarily left her job, she has complied with the requirements of the medical exception to T.C.A. § 50-7-303(a)(1). The Board found that Sargent was not released by her doctor as able to work at her former duties. Sargent voluntarily left her job due to medical reasons unrelated to her work. She presented Roane with a letter from her doctor that she could resume work only on a limited schedule. However, Roane was unable to accommodate her because they did not have part-time jobs. The proof shows that Sargent was unable to resume her former duties because of a medical condition not related to her employment. There is substantial and material evidence that supports the Board's findings on this issue. In addition, there must be a causal connection between the employment and the illness or disability. *Cawthron v. Scott*, 400 S.W.2d 240 (Tenn. 1966). Obviously, her pregnancy is unrelated to her work as a folder for Roane.

Finally, Sargent argues that she was able and available for work, and, therefore, should be eligible for unemployment compensation benefits. We find no merit to this argument. T.C.A. § 50-7-302 provides the "Benefit eligibility conditions" and outlines which requirements claimants must meet to be eligible for unemployment compensation. One of the conditions that must be met is that the "claimant is able to work, available for work, and making a reasonable effort to secure work." T.C.A. § 50-7-302(a)(4) (Supp. 1996). However, T.C.A. § 50-7-303 lists the events that disqualify a claimant for benefits under the heading "Disqualification for benefits." Sargent is disqualified for benefits because she did not meet the requirements of T.C.A. § 50-7-303(a)(1) regardless of the fact that she was able and available for work.

From our examination of the entire record, we find substantial and material evidence to

5

support the decision of the Board of Review that Sargent voluntarily left her employment and did not meet the medical exception as provided in T.C.A. § 50-7-303(a)(1) (Supp. 1996).

The judgment of the trial court is affirmed, and the costs of this appeal are assessed against the appellant.

                                         _____

                                         **W. FRANK CRAWFORD,**
                                         **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**DAVID R. FARMER, JUDGE**

_____

**SAMUEL L. LEWIS, JUDGE**