IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 22, 2004 Session

## CHARLES CONNER v. COMMISSIONER MICHAEL MAGILL, TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-00-2445-1    Walter E. Evans, Chancellor

No. W2003-01988-COA-R3-CV - Filed August 18, 2004

This is an unemployment compensation case in which Appellant was denied benefits by the Tennessee Department of Labor and Workforce Development. At all administrative levels it was determined that Appellant was discharged for "misconduct connected with such claimant's work" and that he was, therefore, disqualified from receiving benefits under Tenn. Code Ann. § 50-7-303. This ruling was then affirmed by the lower court. Appellant then timely filed this appeal challenging the ruling of the lower court. For the following reasons, we affirm and remand for further proceedings.

**Tenn. R. App. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Charles Conner, Germantown, TN, *pro se*

Paul G. Summers, Attorney General & Reporter, Warren A. Jasper, Assistant Attorney General, Nashville, TN, for Appellee Michael Magill, Commissioner of the Tennessee Department of Labor and Workforce Development

Lucian T. Pera, Brian S. Faughnan, Memphis, TN, for Appellee Memphis Publishing Company

**OPINION**

**Facts and Procedural History**

From October 1989 to November 1999, Charles Conner ("Appellant") worked as a reporter with *The Commercial Appeal*, a daily newspaper in Memphis published by the Memphis Publishing

Company ("MPC"). During the majority of his tenure at MPC, Appellant's supervisor was Robert Hetherington ("Hetherington"). While they worked together, Appellant and Hetherington had an understanding that Appellant would not be scheduled to work during the Thanksgiving holiday, so that he could have visitation with his children who lived with his ex-wife.

In May 1999, however, Hetherington left his employment with MPC and was replaced by Mary Jane Pardue ("Pardue"). On November 15, 1999, Pardue created the work schedule that would include the Thanksgiving holiday. In making the schedule, Pardue reviewed BizCal, a computer program used at MPC that employees used to enter their requests for time off. Appellant had not entered any such request in BizCal for the Thanksgiving period. Accordingly, Pardue scheduled Appellant to work on November 26, the day after Thanksgiving, and then posted the schedule. A week later, on November 22, Pardue e-mailed Appellant to assign him a story for November 26. Appellant responded with an e-mail stating that he would be out of town that day and could not work. Pardue then had a meeting with Appellant, in which she informed him that he had not properly requested time off through the BizCal program and that he would have to work on November 26. Appellant continued to argue that he needed the time off for court-ordered visitation with his children. Pardue responded that MPC simply could not accommodate him, because so many other employees had already properly requested vacation for the Thanksgiving holiday. Ultimately, Appellant did not appear for work on November 26 and, upon his return to work on November 29, 1999, he was fired for gross insubordination and abandoning his job.

On January 27, 2000, Appellant applied for unemployment compensation with the Tennessee Department of Labor and Workforce Development ("TDLWD"). His claim was denied in an agency decision issued on February 17, 2000. The decision stated that Appellant had been discharged for work-related misconduct and that his claim was, therefore, denied under Tenn. Code Ann. § 50-7-303 (2000). Appellant appealed the agency decision to the TDLWD Appeals Tribunal, which affirmed the decision on March 23, 2000. Appellant then appealed this adverse ruling to the TDLWD Board of Review ("Board"), who also affirmed the denial of his claim on November 15, 2000. Finally, Appellant filed a petition for writ of certiorari in the Shelby County Chancery Court on December 21, 2000. After conducting a hearing, the lower court entered an order on May 12, 2003 affirming the Board's decision. Appellant filed a motion for a new trial, which was denied on June 27, 2003. Then, acting *pro se*, he timely filed the present appeal challenging the denial of his claim for unemployment benefits.

## Issues
Appellant raises the following issue, as we perceive it:

I.      Whether the lower court erred in affirming the Board's denial of unemployment benefits under the auspices of Tenn. Code Ann. § 50-7-303.[1]

---

[1]     Appellant attempts to raise numerous other issues in his brief that deal, primarily, with his right to rear his children. These issues, however, fall outside the permissible scope of appeal, which is limited to the denial of
(continued...)

MPC raises an additional issue for our consideration:

II.     Whether MPC should be awarded damages incurred in defending the instant appeal.

**Standard of Review**

Our review of the Board's ruling, as well as the review of the trial court, is governed by Tenn. Code Ann. § 4-5-322(h) (2003), which states:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> > (1) In violation of constitutional or statutory provisions;
> > (2) In excess of the statutory authority of the agency;
> > (3) Made upon unlawful procedure;
> > (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

*Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 489-90 (Tenn. Ct. App. 2000). Accordingly, we will review the factual issues in this case under a standard of substantial and material evidence. *Id*. Substantial and material evidence is generally understood to require "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Id*. (quoting *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)). Our Supreme Court has held that "substantial and material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.'" *Clay County Manor, Inc. v. State Dept. of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *S. Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). This Court has further held that:

> In order to sustain the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding. The reviewing court's function is severely limited. All that is needed

[1](...continued)
unemployment benefits under Tenn. Code Ann. § 50-7-303.

-3-

to support the commission's interpretation is that it has warrant in the record and a reasonable basis in law.

*Sabastian v. Bible*, 649 S.W.2d 593, 594-95 (Tenn. Ct. App. 1983) (citing *Cawthron v. Scott*, 400 S.W.2d 240, 242 (Tenn. 1966)).

## Law and Analysis

In his only issue on appeal, Appellant maintains that it was error to deny his claim for unemployment benefits following his dismissal by MPC. Though his brief is rife with arguments outside the permissible scope of appeal, Appellant seems, in essence, to contend that his willful absence from work on November 26, 1999 cannot constitute "misconduct connected with such claimant's work" because the reason for his absence was to exercise visitation rights with his children as established in a 1990 decree of divorce. We cannot agree.

As an initial matter, we must review the Board's findings of fact to determine whether they are supported by substantial and material evidence. *Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 489-90 (Tenn. Ct. App. 2000). The Board set forth its findings as follows:

> The claimant's most recent employment prior to filing this claim for benefits was as a newspaper reporter for the Memphis Publishing Company from October 1, 1989, until November 29, 1999. On Monday, November 26, 1999, the claimant's supervisor sent him an e-mail message regarding a work assignment for Friday, November 26, 1999. The claimant responded with an e-mail message to the supervisor that he was "going to be out of town" on that day. The parties then met and the supervisor instructed the claimant to be at work on November 26, 1999, to cover the "Friday after Thanksgiving Day shopping story." The claimant explained that he needed the time off work during the Thanksgiving holiday weekend to exercise visitation rights with his children. The supervisor had already honored requests from other reporters for the time off work during the Thanksgiving holiday season and could not grant any other requests. The claimant had not requested the time off "at least three weeks in advance" as required by the union agreement in effect at that time. The supervisor instructed the claimant that he needed to be at work on November 26, 1999. The claimant did not report for work on that day and was terminated upon his return to work on November 29, 1999
>
> The claimant did have an informal understanding with a former supervisor for time off work over the Thanksgiving holiday weekend. The former supervisor did not schedule the claimant for work during that time because he was aware of the claimant's visitation schedule. However, that supervisor left the employment in May of 1999. The claimant did not discuss any possible scheduling for time off work in accordance with his visitation schedule with the new supervisor who came on board in mid-1999.

After careful examination of the record, we find that these findings are, indeed, supported by substantial and material evidence.

We must now examine the Board's conclusions of law to determine whether they are supported by the record and have a reasonable basis in the law. *Sabastian v. Bible*, 649 S.W.2d 593, 594-95 (Tenn. Ct. App. 1983) (citing *Cawthron v. Scott*, 400 S.W.2d 240, 242 (Tenn. 1966)). In its decision, the Board stated:

> The Board of Review finds the evidence sufficient to show that the claimant was discharged for misconduct in accordance with TCA § 50-7-303(a)(2) after he intentionally failed to report for a scheduled work shift. The evidence shows the claimant was instructed to be at work on Friday, November 26, 1999, and the claimant refused to comply. He had not requested the time off in accordance with the employer's guidelines and his supervisor was thus not aware of his need for the time off until it was too late to make other arrangements. Although there is evidence of an arrangement with a prior supervisor allowing the claimant to have certain time off work to exercise visitation rights with his children, any such agreement was informal in nature and was not communicated or discussed with the new supervisor.

The Board's ruling rests on the basic premise that Appellant's willful failure to report for work on November 26, 1999 constitutes "misconduct connected with such claimant's work," as provided by Tenn. Code Ann. § 50-7-303(a)(2), which necessarily precludes him from recovering unemployment benefits. We note that the phrase "misconduct connected with such claimant's work" is not defined by the statute, but must, instead, be interpreted by the courts on a case by case basis. *Wallace v. Stewart*, 559 S.W.2d 647, 648 (Tenn. 1977); *Armstrong v. Neel*, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986). The Tennessee Supreme Court held that the burden of proving disqualification for unemployment benefits rests on the employer and that "in order to establish a disqualification there must be shown a material breach of some duty which the employee owes to the employer." *Cherry v. Suburban Mfg. Co.*, 745 S.W.2d 273, 275 (Tenn. 1988). The issue, then, is whether the willful failure to report for work breaches a duty owed to the employer. We find that it does. As the Tennessee Supreme Court stated in *Wallace*, "[n]o aspect of contract of employment is more basic than the right of the employer to expect employees will appear for work on the day and at the hour agreed upon." *Wallace*, 559 S.W.2d at 648. Accordingly, we affirm the Board's denial of unemployment benefits, which is supported by substantial and material evidence and has a reasonable basis in the law.

In the remaining issue on appeal, MPC asserts that this appeal is frivolous and asks this Court to award damages as provided by Tenn. Code Ann. § 27-1-122 (2000). As we stated in *Young v. Barrow*, 130 S.W.3d 59 (Tenn. Ct. App. 2003), "[a] frivolous appeal is one that is devoid of merit . . . or one that has no reasonable chance of succeeding." *Id*. at 67 (citation omitted). In determining whether this appeal is frivolous, we bear in mind that Appellant is proceeding as a *pro se* litigant. Accordingly, we must "take into account that many *pro se* litigants have no legal training and little

familiarity with the judicial system." *Id*. at 62. However, in attempting to make some concession to a *pro se* litigant's legal inexperience, we must ensure that we are not unfair to the opposing party. *Id*. Consequently, we must not excuse *pro se* litigants from the substantive and procedural requirements expected of parties who are represented by counsel. *Id*. (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)). Here, Appellant has failed to comply with those requirements expected of a litigant represented by counsel. His brief consists almost entirely of issues well outside the scope of the administrative record, grounded in such diverse, yet universally inapplicable, sources as the Tennessee Human Rights Act, guardianship law, parental termination statutes, and the United States Constitution. The one discernible argument from Appellant's brief that does fall within the scope of appeal is completely unsupported by any authority whatsoever. As such, we find this appeal has no reasonable chance of succeeding. *Young*, 130 S.W.3d at 67. We hold, therefore, that this appeal is frivolous, and we remand for a determination of damages in accordance with Tenn. Code Ann. § 27-1-122.

### Conclusion

For the foregoing reasons, we affirm the ruling of the trial court and remand for further proceedings consistent with this opinion. Costs of appeal are taxed to Appellant, Charles Conner, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-6-