IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2011

## KENARD P. WALLACE v. COMMISSIONER OF LABOR & WORKFORCE DEVELOPMENT ET AL.

**Appeal from the Chancery Court for Lawrence County**
**No. 1502710     Robert Lee Holloway, Jr., Judge**

_____

**No. M2011-00710-COA-R3-CV - Filed February 7, 2012**

_____

Truck driver was discharged for having too many accidents pursuant to employer's policy on preventable accidents. He was denied unemployment benefits and the denial was upheld by the Appeals Tribunal, the Board of Review and the Chancery Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

J. Daniel Freeman, Lawrenceburg, Tennessee, for the appellant, Kenard P. Wallace.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Lindsey Owusu Appiah, Assistant Attorney General; and Laurie Lee Doty, Nashville, Tennessee, for the appellees, Commissioner of Labor & Workforce Development and Sharp Transportation, Inc.

**OPINION**

BACKGROUND

Mr. Kenard Wallace was employed by Sharp Transportation ("Sharp") from November 5, 2002, until his termination on December 22, 2009. He was terminated for violating the company's policy regarding preventable accidents.

Wallace worked for Sharp as an over-the-road truck driver. According to a letter in the record from Bonnie Tatum, Sharp's Director of Safety and Recruiting:

Since 2007, Mr. Wallace has been involved in six accidents. Of the six, five were ruled as preventable. We counseled Mr. Wallace when each incident happened. In 2007 we sent him through a course at Metro Ready Mix where he had an instructor and worked with a tractor-trailer simulator. . . . In 2008 we sent him through a Defensive Driving Class given at our facility by one of our insurance agents.

On February 24, 2009, Wallace had a preventable accident in Texas. He received a warning notice on February 26, 2009, that this accident was his second preventable accident within three years and that he was at the maximum number of accidents that the company's policy allows. Consequently, the warning notice indicated that he was placed on probation and that "[a]ny preventable accident before Oct. 2010 will result in disqualification per our company hiring guidelines."

Unfortunately, on December 10, 2009, Wallace had another preventable accident.[1] This accident resulted in his termination December 22, 2009. He immediately filed a claim for unemployment benefits, which was denied. Wallace appealed to the Appeals Tribunal and a hearing was held on March 29, 2010. Both Wallace and Bonnie Tatum testified. The Appeals Tribunal affirmed the agency decision denying benefits, stating:

In the opinion of the Appeals Tribunal, the claimant was discharged for negligence of such a degree or recurrence as to show an intentional or substantial disregard for the employer's interest. The Appeals Tribunal finds that the claimant was discharged for misconduct connected with work under TCA § 50-7-303(a)(2).

Wallace then appealed the Appeals Tribunal decision to the Board of Review. On July 13, 2010, the Board affirmed the Appeals Tribunal decision. A rehearing was denied on August 5, 2010. Wallace appealed that decision to the Chancery Court of Lawrence County. The Chancery Court affirmed the decision, concluding that "Wallace's record of preventable accidents amounted to misconduct connected with work under Tenn. Code Ann. § 50-7-303(a)(2)." Wallace now appeals to this court.

STANDARD OF REVIEW

The standard of review employed by appellate courts in unemployment compensation cases is the same as the one employed by the trial courts. *DePriest v. Puett,* 669 S.W.2d 669,

---

[1]His truck hit a utility pole while he was making a right turn.

673 (Tenn. Ct. App. 1984). The court may reverse, remand, or modify the administrative decision if it is:

> (A) In violation of constitutional or statutory provisions;
>
> (B) In excess of the statutory authority of the agency;
>
> (C) Made upon unlawful procedure;
>
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-7-304(i)(2). For purposes of subsection (E), substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Sweet v. State Technical Inst. at Memphis,* 617 S.W.2d 158, 161 (Tenn. Ct. App.1981) (quoting *Pace v. Garbage Disposal Dist. of Washington County,* 390 S.W.2d 461, 463 (Tenn. Ct. App.1965)). This court cannot substitute its judgment for that of the administrative body "as to the weight of the evidence on questions of fact." Tenn. Code Ann. § 50-7-304(i)(3).

ANALYSIS

An unemployment benefits claimant who is discharged due to misconduct connected with the claimant's work is disqualified from receiving benefits. Tenn. Code Ann. § 50-7-303(a)(2)(A). There was no definition of misconduct in the unemployment compensation statutes at the time Wallace was fired.[2] The Tennessee Supreme Court has stated: "[I] n order to establish a disqualification there must be shown a material breach of some duty which the employee owes to the employer." *Cherry v. Suburban Mfg. Co.,* 745 S.W.2d 273, 275 (Tenn. 1988). Case law further indicates that "misconduct" includes:

> conduct evincing such wilful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or

---

[2]A definition of "misconduct" has been added to the unemployment compensation statutes, effective January 1, 2010, by Chapter 479 of the 2009 Public Acts of Tennessee.

negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertences or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Armstrong v. Neel,* 725 S.W.2d 953, 956 (Tenn. Ct. App.1986) (citing *Boynton Cab Co. v. Neubeck,* 296 N.W. 636, 640 (Wis.1941)). For this court to uphold "the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding." *Sabastian v. Bible,* 649 S.W.2d 593, 594 (Tenn. Ct. App.1983). Our reviewing function is limited: "All that is needed to support the commission's interpretation is that it has warrant in the record and a reasonable basis in law." *Id.* at 594-95 (citing *Cawthron v. Scott,* 400 S.W.2d 240, 242 (Tenn. 1966)).

Wallace maintains that the commissioner's decision is arbitrary and capricious because the employer decides what is a "preventable accident" under its policy and that the "simple negligence" involved in Wallace's accidents does not rise to the level of "misconduct" under the law. We note that Wallace was not discharged until after Sharp's accident review board met. An accident caused by "simple negligence" is virtually always preventable. Negligence can indeed rise to the level of misconduct when the negligence is "of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer." *Armstrong,* 725 S.W.2d at 956. Isolated instances of negligence are not misconduct, *Id.*, but, as Tatum testified, Wallace displayed a repeated pattern of negligence. The trial court found that Wallace's "negligence was not isolated, but rather was so recurring that his conduct was equal in culpability to intentional and substantial disregard of Sharp's interest." This finding led the trial court to the conclusion that Wallace's conduct "amounted to misconduct connected with work under Tenn. Code Ann. Sec. 50-7-303(a)(2)." The trial court affirmed the Appeals Tribunal and the Board of Review. We agree.

Similarly, Wallace argues that the decision is "unsupported by evidence that is both substantial and material in the light of the entire record." Tenn. Code Ann. § 50-7-304(i)(2).[3]

---

[3]Wallace asserts that *Doji, Inc., v. Neeley*, No. M2009-00822-COA-R3-CV, 2009 WL 5183791
(continued...)

We have carefully reviewed the record and must respectfully disagree. We affirm the decision of the trial court, which found that substantial and material evidence did exist to support the administrative decisions.

Costs of appeal are assessed against the appellant, Kenard P. Wallace.

_____
ANDY D. BENNETT, JUDGE

[3](...continued)
(Tenn. Ct. App. June 17, 2010) (not for citation), supports his cause. We note that the Supreme Court denied certiorari and designated the opinion as "Not For Citation." This designation means that the opinion "has no precedential value" and is not to be cited. Tenn. Sup. Ct. Rule 4(E)(1)&(2). Therefore, we cannot consider it; but, if we did, we would find it distinguishable from the instant case.