Peck, J.
delivered the opinion of the court.
The sheriff in his deed (after reciting the process) says, “according to the laws of the state, in such case made and provided, and the provisions and requisitions therein contained, having legally advertised and made known the same, did, on the 22d day of March 1828,” &c. “expose,” &c.
It being the duty of the sheriff to give the defendant in possession, whose land he is about to sell under an execution, notice under the act of 1799, ch. 14, we are to take it prima facie that the notice was given.— The evidence of a non-performance of his duty in this respect, must come from’the defendant; and though all such matters as form parts of the record must be produced by the plaintiff, still the fact of advertising, and otk erwise making known the sale, being matters in pais, are prima facie proved by the recitals in the deed, (1 Tenn. Rep. 348,) and on this presumption, that every sworn officer does his duty, under the statutes which are directory to him.
In the case relied upon by the defendant’s counsel, (Trott and M’Broom vs. M’Gavock and Gordon’s lessee, *310 decided at Nashville,(a)) the proof was made by the defendant, that no notice had been given; and it has never been held hy this court, that the plaintiff, to make out his case, is bound to prove the notice.
The court below charged the jury, that the act of 1799, ch. 14, had nothing to do with this case, so far as regards notice. If the court intended that the jury should understand him as charging, that because the levy on the land was by a constable the notice could be dispensed with, it was certainly erroneous. The twenty days’ notice of the time of sale is just as necessary on a writ of venditioni exponas emanating from the judgment of condemnation by the county court, on the previous levy of a constable, as if the execution had been begun and ended by the sheriff. The venditioni exponas is an execution requiring notice of time and place of sale, and the reason for notice is just as strong as upon a fieri facias.
But if wc are to understand the court as evading to charge upon this point, because there was no proof offered on which to predicate the question, then the charge may be taken as harmless, and not calculated to have an improper effect upon the jury.
From the facts in the case, it was calling on the court to charge upon a point not raised by the'proof, and may be taken as differing materially from a case where there had been proof both ways, or applicable to one side only. The request, it may be remarked, was to charge contrary to law, for the burthen of proof did not rest on the plaintiff. Seeing therefore, from the whole case, that justice has been 'done, and that the expression of the judge on the point suddenly raised, could not, under the facts before the jury, have had any improper effect, the judgment must be affirmed.
Judgment affirmed.

 1 Yerger’s Reports, 469.