**James W. BYRD, Petitioner/Appellant**

v.

**Christine BRADLEY, Commissioner, Tennessee Department of Correction, Respondent/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 9, 1995.

Permission to Appeal Denied by Supreme Court Dec. 11, 1995.

---

1. The Tennessee version of 42 U.S.C.A. § 4602(b), quoted by the South Carolina court, is codified at T.C.A. § 13–11–104.

James W. Byrd, Pikeville, petitioner/appellant pro se.

Charles W. Burson, Attorney General & Reporter and Merrilyn Feirman, Assistant Attorney General, Nashville, for respondent/appellee.

## OPINION

CANTRELL, Judge.

James W. Byrd, an inmate in the Tennessee correctional system, appeals the Chancery Court's dismissal of his Petition for a Declaratory Judgment that the Tennessee Department of Correction erred in calculating his parole eligibility date. We affirm the chancery court.

### I.

Working from the rather limited record in this case, we learn the following: James W. Byrd was convicted by the Criminal Court of Knox County of simple kidnapping, attempt to commit a burglary and second degree murder. On April 1, 1976, he was given a life sentence on the murder conviction, two years for the kidnapping, and one year for the burglary attempt.

On March 1, 1986, Mr. Byrd signed a waiver, giving up the right to have his parole eligibility calculated under the Prisoner Performance Sentence Credit Law, which was in effect at the time of his sentencing. In exchange, he received the benefit of the Prison Sentence Reduction Credit Law, Tenn. Code Ann. § 41–21–236, which allows prisoners to earn good behavior credits to accelerate their parole and sentence expiration dates.

At some point, the appellant received an Offender Sentence Letter, which contained a summary of credits that he had so far accumulated to be applied against his release eligibility date. The summary indicated that Mr. Byrd would be eligible for probationary parole sometime in 2002. Mr. Byrd complains that the sentence letter did not show that he was given credit for "Good Time, Honor Time and Incentive Time", three types of credits that were allegedly available to him under the old law.

The prisoner filed a request for a Declaratory Order, and when the Commissioner's legal assistant denied that request, he filed a Petition for Declaratory Judgment in Chancery Court. In response to his Petition, the Department of Correction filed a Motion for Summary Judgment, and a supporting affidavit by Faye Claud, the Manager of the Department's Sentence Information Services. The affidavit contains Ms. Claud's sworn summary of the type and amount of credits that Mr. Byrd had earned, and certified that the summary was correct. The Chancellor granted the Motion and dismissed the Petition.

### II.

A party moving for summary judgment "must carry the burden of persuading the court that no genuine or material factual issues exist, and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn.1993).

After the moving party has produced evidence showing that there is no genuine issue of material fact, the burden shifts to the other party to demonstrate, "by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial ... the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial." *Byrd v. Hall* at 211. In our opinion, Ms. Claud's affidavit shifted the burden to Mr. Byrd.

No doubt Mr. Byrd would argue that the heart of his claim is a genuine issue of material fact: whether the Department of Correction granted him the sentence reduction credits that he was entitled to. But this question calls for a legal conclusion, and cannot properly be considered a question of fact.

Mr. Byrd's response to the Commissioner's Motion for Summary Judgment complains that the movant did not cite any case or quote any statute in support of her position. But he himself did not point out with sufficient specificity what part of the affiant's calculation he disagreed with. He simply alleged that Ms. Claud had not been in charge of Sentence Information Services long enough to make an informed opinion on any matter dealing with sentences under the "old law," and that her calculations were made in accordance with the "new law."

Such a bare assertion is not sufficient to overcome the principle, long established in our law, that state officials are presumed to

do their duty. See *Rogers v. Jenning's Lessee*, 11 Tenn. (3 Yer.) 308 (1832). *Cummings v. Beeler*, 189 Tenn. 151, 223 S.W.2d 913 (1949). *Williams v. American Plan Corporation*, 216 Tenn. 435, 392 S.W.2d 920 (1965).

## III.

In the absence of any genuine issue of material fact, Mr. Byrd would only be entitled to prevail against a motion for summary judgment if he were able to demonstrate that the correct application of the law to the undisputed facts would preclude a judgment in favor of the moving party. We believe that Mr. Byrd's legal arguments fall short of this standard.

The law in effect at the time of Mr. Byrd's conviction, Tenn.Code Ann. § 40–3613 reads:

> ... any person who shall have been convicted and sentenced to a term of imprisonment in the state penitentiary for a period or term of sixty-five (65) years or more, or life, may become eligible for parole provided such person shall have been confined or served a term in the state penitentiary of not less than thirty (30) full calendar years after receiving credit for probationary parole as authorized in § 40–3612.

Mr. Byrd argues that this statute, found in the Paroles and Pardons Chapter of the 1975 Edition of the Code, should not apply to him. He notes that it is in apparent conflict with other statutes from the same edition, Tenn.Code Ann. §§ 41–332, 41–334, and 41–358. These three statutes, providing respectively for "Good Behavior Allowance", "Honor Grade", and "Credit for Participation in Academic and Vocational Education Classes" were found in the Chapter of the Code that dealt with "Regulation and Care of Convicts," and are the statutes he relies upon for the "Good Time, Honor Time and Incentive Time" that he claims to have been deprived of.

Mr. Byrd urges us to rule that the three statutes he cites should prevail over former Tenn.Code Ann. § 40–3613, in line with the principle of statutory construction found in Tenn.Code Ann. § 1–3–103: "If provisions of different titles or chapters of the code appear to contravene each other, the provisions of each title or chapter shall prevail as to all matters or questions growing out of the subject matter of that title and chapter."

However, it is not at all clear that a Pardons and Paroles Statute should be subordinated to Statutes dealing with the Care and Regulation of Prisoners, where the question presented is one of parole eligibility. Further, another rule of statutory construction would seem to indicate that a statute dealing with a particular class of prisoners (those sentenced to life or sixty-five or more years) should prevail over a more general statute, designed to apply to a broader class of prisoners. See *State v. Nelson*, 577 S.W.2d 465 (Tenn.Crim.App.1978).

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.