# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JAMES W. BYRD,                    )
                                  )
    Petitioner/Appellant,      )
                                  )
                                  )    Appeal No.  **February 23, 1999**
                                  )    01-A-01-9804-CH-00171
VS.                               )
                                  )    Davidson Chancery
                                  )    No. 97-3206-III
TENNESSEE DEPARTMENT OF           )
CORRECTION,                       )
                                  )
    Respondent/Appellee.       )

**FILED**

Cecil Crowson, Jr.
Appellate Court Clerk

## APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

### THE HONORABLE ELLEN HOBBS LYLE PRESIDING

JAMES W. BYRD
#078204 MCRCF
PO BOX 2000
Wartburg, TN 37887

PRO SE

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

PATRICIA C. KUSSMANN, BPR 15506
Assistant Attorney General
Civil Rights and Claims Division
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee 37243-0488

ATTORNEYS FOR RESPONDENT/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:
CANTRELL, J.
KOCH, J.

# OPINION

In this appeal, a prisoner seeks review of the trial court's dismissal of his petition for declaratory judgment and other relief in which he claimed he had been wrongfully denied sentence reduction credits to reduce his parole eligibility date. The trial court ruled that Plaintiff's claim of entitlement to sentence credits which would reduce his parole eligibility date was barred by the doctrine of *res judicata.*

In *Byrd v. Bradley*, 913 S.W.2d 181 (Tenn. Ct. App. 1995), this Court held that Mr. Byrd, the Petitioner herein, who had been sentenced to life imprisonment in 1976, was not entitled to a shortening of the time he must serve before becoming eligible for parole because of the operation of Tenn. Code Ann. § 40-3613 (1975), which was in effect at the time of his conviction and sentencing. That statute provided that anyone sentenced to life imprisonment would be eligible for parole only after serving 30 full calendar years. Therefore, the Court concluded, Mr. Byrd was not eligible, from the date of his incarceration until he signed a waiver under Tenn. Code Ann. § 41-21-236(1985), for any sentence reduction credits which would make him eligible for parole prior to his serving thirty years.

The trial court quite correctly determined that any claim by Mr. Byrd for earlier parole eligibility which was based on the Department of Correction's failure to award him sentence reduction credits for the time period between his incarceration and his execution of a section 236 waiver was barred, under the doctrine of *res judicata,* by the *Byrd v. Bradley* holding. A simple definition of *res judicata* is that it is a "rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties

and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action". *Black's Law Dictionary* 1172 (5th ed. 1979), as quoted in *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446 (Tenn. 1995).

Mr. Byrd asserts on appeal that the trial court failed to address other issues raised in his petition. In fact, the trial court specifically found:

> Given the legal principle of *res judicata* and that an inmate is not entitle [sic] to earn sentence reduction credits until he has signed the waiver as well as the absence in the complaint of any showing why the petitioner is being detained in violation of federal and state constitutions, the Court determines that the respondent's motion to dismiss shall be granted on the grounds the complaint fails to state a claim upon which relief can be granted. (Emphasis added.)

The trial court clearly considered the Petitioner's other claims and found them wanting. We concur in the trial court's judgment in this regard. Mr. Byrd's petition is clearly and exclusively directed to his current continuing incarceration. Further, there appears to be no dispute regarding his eligibility for credits after Mr. Byrd's execution of a waiver on March 1, 1986 as authorized in Tenn. Code Ann. § 41-21-236 (1985). Mr. Byrd has not challenged the Department's computation of sentence credits for which he is eligible, but rather challenged the Department's interpretation of eligibility.

Mr. Byrd's claims regarding his entitlement to "the benefits" of allegedly shorter sentences afforded to persons sentenced under the 1989 Sentencing Reform Act are without merit. The constitutional and statutory arguments propounded by Mr. Byrd have been considered and rejected. *See Wilson v. State*, 980 S.W.2d 196 (Tenn. Ct. App. 1998), perm. to appeal denied (Tenn. 1998); *Smith v. State*, 1998 WL 75288 (Tenn. Crim. App. 1998); *State ex rel. Stewart*

3

*v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993); *State ex rel. Crum v. McWherter*, 1992 WL 99029 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1992). We agree with the trial court that Mr. Byrd has failed to allege any basis for his claims of unlawful detention.

The trial court's judgment dismissing Plaintiff's petition for failure to state a claim upon which relief can be granted is affirmed, and this case is remanded for whatever further proceedings may be required. The costs of this appeal should be taxed to Mr. Byrd.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JUDGE